UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:15-CV-14414-ROSENBERG/LYNCH

ISAMAR SANCHEZ JAIMES,

    Plaintiff,

v.

PAUL C. MAY, as Sheriff of Okeechobee County,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ORDERING PLAINTIFF TO FILE A MORE DEFINITE STATEMENT

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss [DE 15]. The Motion has been fully briefed.[1] For the reasons set forth below, the Court orders Plaintiff to amend his complaint and provide greater clarity.

Defendant filed the instant Motion on the premise that Plaintiff's Complaint fails to allege a constitutional deprivation. The gravamen of Plaintiff's Response to the Motion is that the constitutional deprivation in this case is that Defendant enacted two policies that were contrary to law. Prior to the attachment of governmental liability in the context of a civil rights action, there must be an initial showing of a constitutional deprivation. *Collins v. Harker Heights*, 503 U.S. 115 (1992). Furthermore, the existence of an unconstitutional policy is irrelevant if that policy does not result in a constitutional deprivation as to the plaintiff. *Rooney v. Watson*, 101 F.3d 1378, 1381-82 (11th Cir. 1996).

---

[1] The Court notes that Plaintiff filed a Ninety Day Notice on March 21, 2016, approximately forty-six days after Defendant's Motion to Dismiss became ripe for review. The Court informs Plaintiff that Local Rule 7.1(b)(4)(A) permits a party to file a Ninety Day Notice when a motion has been ripe for ninety days.

The injury that forms the heart of this case is an auto accident during a high-speed chase by law enforcement. The Supreme Court has held that in such a context liability under the Fourteenth Amendment will only attach if the complained-of conduct "shocks the conscience." *Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Although Plaintiff cites to *Cannon v. Taylor*, 782 F.2d 947, 951 (11th Cir. 1986) for the proposition that he is alleging deliberate indifference (on behalf of policymakers) which caused an injury,[2] *Cannon* still stands for the proposition that the indifference must be to constitutional rights. In any event, *Collins v. Harker Heights*, 503 U.S. 115, 120-21 (1992), which was decided after *Cannon*, clearly stands for the proposition that a municipality cannot be held liable for a § 1983 claim unless there is some municipal action pursuant to a policy that causes a constitutional tort.

What the Court cannot discern from the text of the Complaint is (i) whether Plaintiff intended to allege a constitutional deprivation beyond the aforementioned policies and, if so, the precise facts upon which Plaintiff relies to establish that the auto accident in this case deprived Plaintiff of a constitutional right, (ii) whether Plaintiff equates his physical injury with a constitutional injury, or (iii) whether Plaintiff intended to state a claim pursuant to another theory and, if so, what facts support such a theory.

Plaintiff should be afforded the opportunity to amend his complaint and provide clarity on the constitutional deprivations he is alleged to have suffered. It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 15] is **DENIED**, however, the Court determines, *sua sponte*, that Plaintiff's Complaint does not satisfy Rule 8(a)(2) and should be amended to provide a more definite statement. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1983 n.6 (11th Cir. 1996). Plaintiff shall file an amended complaint within five (5) days of the

---

[2] Such indifference may establish liability because, for policymakers, the indifference does shock the conscience. *See Lewis*, 523 U.S. at 853. To the extent Plaintiff's theory of the case was intended to be based upon this principle, the Complaint is unclear.

date of rendition of this Order to provide greater clarity on the issues discussed in this Order and Defendant's Motion to Dismiss.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 30th day of March, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record