UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-CV-14414-ROSENBERG/LYNCH

ISAMAR SANCHEZ JAIMES,

    Plaintiff,

v.

PAUL C. MAY, as Sheriff of Okeechobee County,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's, Paul C. May, as Sheriff of Okeechobee County ("Defendant") Motion to Dismiss [DE 30]. The motion has been fully briefed. For the reasons set forth below, the motion is denied.

This case stems from an auto accident that occurred while a law enforcement officer was responding to a 911 emergency. In accordance with a policy of the Defendant, the law enforcement officer delayed the activation of his emergency lights and sirens and, at the time of the accident, the officer's lights and sirens had not yet been activated. Plaintiff, Isamar Sanchez Jaimes ("Plaintiff"), brings the instant suit alleging, *inter alia*, that Defendant's policy (which requires a supervisor's permission before emergency lights may be activated) is unconstitutional.

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In order for Plaintiff to state a claim as a matter of law, Plaintiff must allege that the policy at issue is "attributed to the [Defendant], and show a causal link between the execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The injury suffered must include a constitutional deprivation. *Rooney v. Watson*, 101 F.3d 1378, 1381-82 (11th Cir. 1996). Defendant argues Plaintiff's suit must be dismissed because Plaintiff's injury (caused by the aforementioned auto accident) is not a *constitutional* injury or a constitutional deprivation. The Court previously required Plaintiff to amend his complaint as the Court could not discern from the initial complaint whether Plaintiff was, in fact, alleging a constitutional injury. Plaintiff complied with the Court's order by amending his complaint.

The injury that forms the heart of this case is an auto accident that occurred while law enforcement was responding to an emergency. The Supreme Court has held that, in such a context, liability under the Fourteenth Amendment will only attach if the complained-of conduct "shocks the conscience." *Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Plaintiff has amended his complaint in order to explain why the conduct of law enforcement in this case shocks the conscience. Plaintiff alleges that: (1) the accident occurred on a well-lit highway, (2) there was no rain, (3) visibility was clear, (4) the highway had five lanes, (5) commercial properties were located on either side of the highway, (6) the officer was traveling at 87 miles per hour in a 35 mile per hour zone, (7) it was night, (8) the officer's headlights were on, (9) the officer was using neither emergency lights nor sirens, and (10) the officer did not swerve or slow down prior to impact. DE 29 at ¶¶ 12-40. Although Plaintiff stops short of alleging that the officer

intentionally sought to inflict any injury upon Plaintiff, it is Plaintiff's position that the sum of his allegations shock the conscience.

The Court must accept all of Plaintiff's allegations as true and view them in the light most favorable to Plaintiff. Viewing Plaintiff's allegations in this light, the Court is not prepared to conclude that, as a matter of law, Plaintiff's allegations cannot equate to conduct that shocks the conscience. Instead, this is a matter more appropriately decided at summary judgment. In reaching this conclusion, the Court notes that many cases closely analogous to the case at bar, such as *Best v. Cobb City*, 239 F. App'x 501 (11th Cir. 2007) and *Losch v. Borough of Parkesburg*, 736 F.2d 903 (3d Cir. 1984), were decided on summary judgment. Accordingly, Defendant's motion to dismiss is denied, however, the Court's ruling does not preclude either party from raising legal arguments at the summary judgment stage of the proceedings that were raised in the motion to dismiss.

It is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 30] is **DENIED**. Defendant shall answer Plaintiff's amended complaint within five (5) days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 18th day of July, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

3